CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 27 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

GREGORY SCOTT BLAKE,          )          Civil Action No. 7:10-cv-00572
    Petitioner,          )
                      )
v.          )          **MEMORANDUM OPINION**
                      )
GENE M. JOHNSON,          )          **By: Hon. Jackson L. Kiser**
    Respondent.          )          **Senior United States District Judge**

Gregory Scott Blake, a Virginia inmate proceeding pro se, filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges he received ineffective assistance

of counsel during his post-conviction appeal from the Court of Appeals of Virginia to the

Supreme Court of Virginia. The respondent filed a motion to dismiss, and petitioner responded,

making the matter ripe for disposition. After reviewing the record, I grant the motion to dismiss

and dismiss the petition as time barred.

I.

Petitioner is currently confined pursuant to a final order of the Circuit Court of the City of

Bristol. A jury convicted petitioner on June 9, 2006, for a second or subsequent offense of

distributing cocaine. On August 7, 2006, the circuit court sentenced him to 20 years'

incarceration with 6 years suspended. Petitioner appealed to the Court of Appeals of Virginia,

which denied his petition for appeal on March 17, 2007, and his petition for a rehearing on

August 15, 2007.

Petitioner's counsel allegedly did not receive the Court of Appeals' August 2007 order

until February 2008. However, counsel did not advise petitioner of this appellate order when he

received it. In July 2008, petitioner complained to the Virginia State Bar because counsel "had

not advised [petitioner] of the status of the appeal." The Virginia State Bar ultimately issued a

private reprimand to counsel more than a year later in October 2009.

On January 22, 2010, counsel contemporaneously filed with the Supreme Court of Virginia a petition for appeal and a motion for leave to file a late petition for appeal. The Supreme Court of Virginia denied the motion for leave and refused the petition for appeal on February 24, 2010, considering it untimely filed pursuant to Virginia Supreme Court Rule 5:17(a)(2).

On July 5, 2010, petitioner executed a state petition for a writ of habeas corpus and filed it with the Supreme Court of Virginia. The Supreme Court of Virginia dismissed the petition on September 22, 2010, as barred by the state statute of limitations, Va. Code § 8.01-654(A)(2).

Petitioner executed the instant, federal petition for a writ of habeas corpus on December 16, 2010.[1] Petitioner alleges in his amended petition that he received ineffective assistance of counsel during his post-conviction appeal, in violation of the Sixth Amendment to the United States Constitution.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment

---

[1] Petitioner's original habeas petition lacked his signature but had a December 16, 2010, date of execution by a notary, which I consider the earliest date petitioner could have deposited the petition in the prison mailing system for filing. The court conditionally filed the petition and requested petitioner's signature in an amended petition, which he executed on January 31, 2011.

[2] According to 28 U.S.C. § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on September 14, 2007, when the time expired for petitioner to timely note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner's "untimely" motion to file a belated appeal in the Supreme Court of Virginia did not extend the final judgment date. See Roberts v. Watson, 697 F. Supp. 2d 646, 651 (E.D. Va. 2010) ("where ... a state court denies a petition seeking leave to file an appeal out of time, the filing of that petition does not delay or alter the date of the final judgment"). Petitioner filed his state habeas petition in July 2010, nearly three years after his conviction became final. The Supreme Court of Virginia denied his first state habeas petition in September 2010 as time barred. Therefore, the state habeas petition was not "properly filed" and does not toll the statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (stating a state court's finding that a petitioner untimely filed his state habeas petition does not entitle him to statutory tolling). Petitioner did not file the instant petition until December 2010, more than more than three years after his conviction became final.

Petitioner's § 2254 petition is also untimely under § 2244(d)(1)(D). Petitioner could have discovered the facts supporting his current claim before the time he ultimately discovered them through the exercise of due diligence. The federal statute of limitations had not yet expired in July 2008 when petitioner filed his complaint against counsel's lack of communication about his appeal. Furthermore, due diligence requires petitioner to not only complain to state bar authorities about counsel's lack of communication about the appeal but, at a minimum, to request the information directly from the Court of Appeals, especially after such a long period of not hearing anything about his appeal from his attorney. Petitioner could contact the Court of Appeals as the record shows that he wrote to its Clerk on at least two occasions, but he did not inquire about the status of his appeal before bar authorities issued the reprimand. Moreover, petitioner waited three more months to file his state habeas petition after the Supreme Court of Virginia denied his motion for a late appeal. Petitioner also waited nearly three more months to file his federal habeas petition after the Supreme Court of Virginia dismissed his state habeas petition. Accordingly, petitioner also failed to diligently attempt to timely file the instant petition, and I must dismiss it unless I equitably toll the statute of limitations.

Equitable tolling of § 2244(d)'s limitations period is available only when the petitioner shows: (1) he pursued his rights diligently; and (2) some extraordinary circumstance prevented him from timely filing his habeas petition. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal

4

habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. For the reasons already stated above, petitioner did not exercise due diligence to ensure his claims received appellate review because he did not timely contact the Court of Appeals of Virginia or timely file subsequent challenges to his conviction. Accordingly, the court finds that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.[3]

III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss petitioner's petition for a writ of habeas corpus. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

**ENTER**: This 27th day of May, 2011.

Senior United States District Judge

---

[3]Even if the petition was timely filed, petitioner procedurally defaulted his ineffective assistance claim. When petitioner presented his current claim in his habeas petition in the Supreme Court of Virginia, that Court rejected the petition as time-barred under Virginia's state habeas statute of limitations, Code § 8.01-654(A)(2). A state court's application of a state statute of limitations may constitute an adequate and independent state procedural default of a federal habeas claim. See Walker v. Martin, 131 S. Ct. 1120, 1130-31 (2011) (stating even wholly discretionary state-procedural rules may constitute adequate state grounds for procedural default). See also Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (stating when a state court's finding of procedural default is based on an adequate and independent state ground, that finding is not reviewable in federal habeas). Virginia Code § 8.01-654(A)(2) constitutes an adequate and independent basis for federal procedural default. See Lee v. Johnson, No. 2:10cv122, 2010 U.S. Dist. LEXIS 106731 (E.D. Va. 2010) (subsequently adopted over objection). See also Sparrow v. Director, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (stating claims simultaneously exhausted and defaulted in federal habeas because claims not presented in state court would now be barred by adequate and independent default of Virginia Code § 8.01-654(A)(2)). Petitioner fails to establish prejudice to overcome his procedural default because he does not argue why the Supreme Court of Virginia would have reversed the Court of Appeals' affirmation of his conviction.